70 F.3d 129
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James J. STAPLES, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 95-3372.
 United States Court of Appeals, Federal Circuit.
 Nov. 8, 1995.
 
 Before RICH, MAYER, and LOURIE, Circuit Judges.
 PER CURIAM.
 
 
 1
 James J. Staples petitions for review of the final decision of the Merit Systems Protection Board, No. SF0752930564-I-1, dismissing the appeal of his removal from the United States Postal Service as untimely filed. We affirm.
 
 
 2
 We must affirm the board's decision to dismiss Staples' appeal as untimely unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1994). Whether the board should waive the regulatory time limit for an appeal for good cause is a matter committed to the board's discretion, and this court will not substitute its own judgment for that of the board. Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992).
 
 
 3
 On appeal, Staples argues that his appeal to the board was timely because under the terms of the stipulation he and the government entered, and the board's initial dismissal of his appeal without prejudice, he could refile his appeal at the conclusion of any criminal prosecution, whenever initiated. This argument is simply inconsistent with the terms of the stipulation and dismissal. Such an interpretation would render the 90-day refiling provision superfluous. An interpretation that gives a reasonable meaning to all parts of the stipulation is preferred to one that leaves portions of it meaningless. See, e.g., Fortec Constructors v. United States, 760 F.2d 1288, 1292 (Fed.Cir.1985). Consequently, we must reject Staples' interpretation. If no prosecution of Staples had commenced within 90 days of the dismissal of his appeal, then Staples had to either refile it or seek an extension. He did neither.
 
 
 4
 Staples' argument that his appeal was timely because a prosecution had been ongoing since August 1992 is also unavailing. A prosecution is a criminal action instituted before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with a crime. The only evidence in the record of Staples being charged with a crime is his indictment and the summons for him to appear in court to answer the indictment. He does not contend that the indictment was returned during the 90 days after dismissal, and the summons is dated March 10, 1994, several months after the 90-day refiling period had ended. There is no evidence in the record that a criminal prosecution had commenced before this time. Moreover, the stipulation itself shows that the parties did not believe that a prosecution had begun at the time they entered it. We thus reject Staples' argument to the contrary.
 
 
 5
 Similarly, we find no error or abuse of discretion in the board's decision to refrain from waiving Staples' untimely filing. He has not demonstrated that he exercised diligence or ordinary prudence in pursuing his appeal. While he argues that he changed attorneys after the board dismissed his initial appeal, that is not an excuse for refiling late. He was represented by an attorney during his initial appeal to the board, who entered the stipulation on Staples' behalf. Additionally, Staples was aware of the terms of the stipulation and dismissal, as evidenced by his February 25, 1994, letter to the board. He had an obligation to keep his new counsel apprised of developments in his case, and he is responsible for the action or inaction of his chosen counsel. See Rowe v. Merit Sys. Protection Bd., 802 F.2d 434, 437 (Fed.Cir.1986). Because we conclude that the appeal was untimely, we need not address whether requiring him to proceed with it while his criminal case is on appeal would violate the Fifth Amendment of the U.S. Constitution.